UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHIOKE GADSDEN,

    Plaintiff

v.

JAMES DONNELLY et al.,

    Defendants

Case No. 3:17-cv-00728-MMD-CBC

ORDER

## I. DISCUSSION

On October 2, 2018, the Court issued a screening order dismissing some claims with prejudice, dismissing other claims with leave to amend, and permitting some claims to proceed. (ECF No. 9 at 21-23). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his complaint. (*Id.* at 24). The Court detailed which claims would proceed if Plaintiff chose not to file an amended complaint. (*See id.* at 24-25). Plaintiff has not filed an amended complaint.

Pursuant to the screening order, this action will proceed on Count I, alleging a First Amendment retaliation claim against Kassebaum based on Kassebaum's denying Plaintiff access to the grievance process; Count I, alleging a Fourteenth Amendment access to grievance procedures claim against Kassebaum; Count II, alleging a First Amendment free exercise of religion claim against Kassebaum for taking Plaintiff's book of shadows; Count II, alleging a Fourteenth Amendment claim against Kassebaum and Bautista for an intentional authorized deprivation; Count II, alleging a violation of RLUIPA against Kassebaum for taking Plaintiff's book of shadows; Count III, alleging a First Amendment retaliation claim against Kassebaum based on her filing of false disciplinary charges; Count IV, alleging supervisory liability for Kassebaum's acts of retaliation and intentional deprivation against Olivas, Donnelly, Steinheimer, Terrance, and East; Count V, alleging a Fourteenth Amendment procedural due process claim against Donnelly, Olivas, and Kassebaum based on Plaintiff's placement in administrative segregation;

Count VI, alleging a First Amendment retaliation claim against Kassebaum, Olivas, and Donnelly based on Plaintiff's placement in administrative segregation; Count VII, alleging a First Amendment free exercise claim against Donnelly, Kassebaum, and Olivas based on Plaintiff's placement in administrative segregation; and Count VII, alleging a RLUIPA claim against Donnelly, Kassebaum, and Olivas based on Plaintiff's placement in administrative segregation. (*Id.* at 24-25).

**CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 9), this action will proceed on Count I, alleging a First Amendment retaliation claim against Kassebaum based on Kassebaum's denying Plaintiff access to the grievance process; Count I, alleging a Fourteenth Amendment access to grievance procedures claim against Kassebaum; Count II, alleging a First Amendment free exercise of religion claim against Kassebaum for taking Plaintiff's book of shadows; Count II, alleging a Fourteenth Amendment claim against Kassebaum and Bautista for an intentional authorized deprivation; Count II, alleging a violation of RLUIPA against Kassebaum for taking Plaintiff's book of shadows; Count III, alleging a First Amendment retaliation claim against Kassebaum based on her filing of false disciplinary charges; Count IV, alleging supervisory liability for Kassebaum's acts of retaliation and intentional deprivation against Olivas, Donnelly, Steinheimer, Terrance, and East; Count V, alleging a Fourteenth Amendment procedural due process claim against Donnelly, Olivas, and Kassebaum based on Plaintiff's placement in administrative segregation; Count VI, alleging a First Amendment retaliation claim against Kassebaum, Olivas, and Donnelly based on Plaintiff's placement in administrative segregation; Count VII, alleging a First Amendment free exercise claim against Donnelly, Kassebaum, and Olivas based on Plaintiff's placement in administrative segregation; and Count VII, alleging a RLUIPA claim against Donnelly, Kassebaum, and Olivas based on Plaintiff's placement in administrative segregation.

It is further ordered that given the nature of the claim(s) that the Court has

permitted to proceed, this action is stayed for ninety (90) days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before an answer is filed or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" on or before twenty-one (21) days from the date of this order. The responding party shall have seven (7) days to file a response. No reply shall be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that the Clerk of the Court will electronically SERVE a copy of this order, the original screening order (ECF No. 9) and a copy of Plaintiff's complaint (ECF No. 1-2) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED THIS 8th day of November 2018.

_____
United States Magistrate Judge

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHIOKE GADSDEN,<br><br>　　　　　　　　　　　　　Plaintiff<br><br>v.<br><br>JAMES DONNELLY et al.,<br><br>　　　　　　　　　　　　　Defendants | Case No. 3:17-cv-00728-MMD-CBC<br><br>REPORT OF ATTORNEY GENERAL<br>RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

- 5 -

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                                  Print                                          Signature

Address: _____     Phone: _____

_____              Email: _____